**Eloy CARMONA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–95–00132–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 8, 1996.

Doris Sipes, El Paso, for appellant.

Jaime E. Esparza, District Attorney, El Paso, for state.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

*OPINION*

BARAJAS, Chief Justice.

This is an appeal from a conviction for the offense of prostitution. A jury found the Appellant, Eloy Carmona, guilty and the trial court sentenced him to fifteen days' confinement and a fine of $300, suspended for six months. We affirm.

In his sole point of error, Carmona alleges that the trial court lacked jurisdiction because the district attorney, rather than the county attorney, signed the information contrary to the dictates of the Texas Constitution. Article 5, Section 17 of the Texas Constitution provides, in pertinent part, that "[t]he County Court shall hold terms as provided by law. Prosecutions may be commenced in said court by information filed by *the county attorney,* or by affidavit, as may be provided by law." Tex. Const. art. V, § 17 (Vernon 1993)(emphasis added). The transcript confirms that Timothy M. Byrne, assistant district attorney for El Paso County, signed the information charging Carmona with prostitution. We find Carmona's assertion to be without merit, however, because Article 5, § 17 applies only to constitutionally created county courts and this proceeding was filed in the County Court at Law No. 1 for El Paso County, a statutorily created court. *See* TEX. GOV'T CODE ANN. § 26.171(Vernon 1988)(creating El Paso County Courts at Law numbers 1 through 5 and statutory probate court).

The Legislature creates County Courts at Law through the authority of Article 5, Section 1 of the Texas Constitution which provides that the Legislature may establish "such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." TEX. CONST. art. V, § 1 (Vernon 1993). Further, Article 5, Section 21 of the Texas Constitution provides "County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys

shall in such counties be regulated by the Legislature." TEX. CONST. art. V, § 21(Vernon 1993). Pursuant to the authority granted in Article 5, §§ 1 and 21, the Legislature provided in Section 43.120 of the Government Code:

(a) The voters of Culberson, Hudspeth, and El Paso counties elect a district attorney for the 34th Judicial District.

(b) The district attorney for the 34th Judicial District also acts as district attorney for the 41st, 65th, 120th, and 171st Judicial Districts, the 394th Judicial District in Culberson and Hudspeth counties, and represents the state in all criminal cases before every district court having jurisdiction in El Paso County.

(c) The district attorney represents the state in all criminal cases pending in the inferior courts having jurisdiction in El Paso County....

TEX. GOV'T CODE ANN. § 43.120 (Vernon Supp.1996).

The Legislature, pursuant to the authority granted by Article 5, Sections 1 and 21, has thus determined that the district attorney represents the State in all criminal cases before all district and county courts at law in El Paso County.

The information in this case therefore conforms to the law applicable to El Paso County. The Code of Criminal Procedure sets out the requirements of an information as follows:

An information is sufficient if it has the following requisites:

1. It shall commence, "In the name and by authority of the State of Texas";

2. That it appear to have been presented in a court having jurisdiction of the offense set forth;

3. *That it appear to have been presented by the proper officer;*

4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him;

5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed;

6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;

7. That the offense be set forth in plain and intelligible words;

8. That it conclude, "Against the peace and dignity of the State"; and

9. *It must be signed by the district or county attorney, officially.*

TEX.CODE CRIM.PROC.ANN. § 21.21 (Vernon 1989)(emphasis added). Pursuant to the foregoing authorities, the district attorney was the "proper officer" to present this information in El Paso County. Accordingly we find that the information as signed by Timothy M. Byrne, assistant district attorney, was sufficient to invoke the trial court's jurisdiction. We therefore overrule Carmona's sole point of error and affirm the judgment of the trial court.